UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK L. WILLIAMS,

        Plaintiff,

v.                          Case No. 3:05-cv-1322-J-20TEM

ALLAN D. HOLLAND, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee incarcerated at the Orange County Jail who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). He names the following Defendants in this action: (1) Allan D. Holland, a private attorney who is defending Plaintiff against criminal charges that are pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida; (2) Daniel P. Dawson, the Chief Judge of the Ninth Judicial Circuit Court; (3) Walter Komanski, a judge involved in Plaintiff's criminal case; (4) Robert Wesley, the Public Defender for the Ninth Judicial Circuit; (5) Gerod Hooper, an Assistant Public Defender; (6) Matthew G. Deem, an investigator employed by the Orlando Police Department; (7) the Chief of Police for the Orlando Police Department; (8) Jose Rodriquez, a judge involved in Plaintiff's criminal case; and, (9) Lawson Lamar, an Assistant State Attorney.

Plaintiff contends that Defendant Deem falsely claimed that Plaintiff confessed to the charges against him and compelled the victim to make false allegations against Plaintiff. He also raises numerous claims challenging his indictment, his representation by Defendants Hooper and Holland, and several allegedly improper rulings made by Defendants Komanski and Rodriquez. He requests this Court to "stay" the criminal proceedings against him, to appoint conflict-free counsel, to set reasonable bail, to order a change of venue and to dismiss the charges against him on the basis of a speedy trial violation. Complaint at 10. He also requests "monetary compensation." Id.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.)

(citing <u>Battle v. Central State Hospital</u>, 898 F.2d 126, 129 (11th Cir. 1990)), <u>cert</u>. <u>denied</u>, 534 U.S. 1044 (2001). A complaint filed <u>in forma pauperis</u> which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id</u>. at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Bilal v. Driver</u>, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579 (11th Cir. 1995). In

3

addition, for liability under 42 U.S.C. § 1983, a plaintiff must allege an affirmative causal connection between a defendant's conduct and a constitutional deprivation. <u>Swint v. City of Wadley, Alabama</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Com'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Furthermore, "[o]ne cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation." <u>Schebel v. Charlotte County</u>, 833 F.Supp. 889, 891 (M.D. Fla. 1993) (citations omitted).

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>Gonzalez</u>, --- F.3d at ----, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. <u>Gonzalez</u>, --- F.3d at ----, 2003 WL 1481583, at *5; <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).

<u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, it appears that Plaintiff is attempting to hold the Chief of Police for the Orlando Police Department, Chief Judge

4

Dawson and Public Defender Wesley liable on the theory of respondeat superior. He has not alleged any causal connection between the acts and/or omissions of these three Defendants and any constitutional deprivation.

Plaintiff also fails to state a claim against Defendant Hooper because the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Furthermore, Plaintiff fails to state a claim against his current attorney, Defendant Holland, because private attorneys do not act under color of state law.

Additionally, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Plaintiff challenges the actions taken by Defendants Komanski and Rodriquez while they were conducting judicial proceedings, it is clear they are absolutely immune from suit in performing these judicial responsibilities. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir.

1991) (citations omitted), <u>cert</u>. <u>denied</u>, 503 U.S. 921 (1992). Therefore, insofar as Plaintiff seeks damages from these judicial officers, his claim is "completely without a legal basis." <u>Id</u>.

"Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." <u>Bolin</u>, 225 F.3d at 1242 (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999); and, <u>Fullman v. Graddick</u>, 739 F.2d 553, 558-59 (11th Cir. 1984)); <u>see also</u> <u>Mastroianni v. Bowers</u>, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273, (1993)).

Plaintiff's allegations against Defendants Deem and Lamar are essentially claims of malicious prosecution, which are premature. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. <u>See</u> <u>Kelly v. Serna</u>, 87 F.3d at 1240-41; <u>Heck v. Humphrey</u>, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action

6

> is termination of the prior criminal
> proceeding in favor of the accused.").

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Here,
Plaintiff has not alleged that the criminal proceedings have
terminated in his favor. Therefore, he has failed to state a claim
upon which relief may be granted at this time with respect to his
malicious prosecution claims.

Finally, Plaintiff's requests for injunctive relief are due to
be denied. "Federal courts should abstain from exercising their
jurisdiction if doing so would 'disregard the comity between the
States and the National Government.'" Wexler v. Lepore, 385 F.3d
1336, 1339 (11th Cir. 2004) (per curiam) (quoting Pennzoil Co. v.
Texaco, Inc., 481 U.S. 1, 11 (1987)).

> In Younger[1], 401 U.S. 37, 91 S.Ct. 746,
> 27 L.Ed.2d 669, the Supreme Court established
> that "absent extraordinary circumstances
> federal courts should not enjoin pending state
> criminal prosecutions." New Orleans Pub.
> Serv., Inc. v. Council of New Orleans, 491
> U.S. 350, 364, 109 S.Ct. 2506, 2516, 105
> L.Ed.2d 298 (1989) (NOPSI). This decision was
> based not on jurisdiction, but on the
> principles of equity and comity. NOPSI, 491
> U.S. at 364, 109 S.Ct. at 2516 (citing
> Younger, 401 U.S. at 43-44, 91 S.Ct. at 750).
> Federal courts have consistently recognized
> this limitation on enjoining state criminal
> prosecutions unless one of a few narrow
> exceptions is met.

Hughes v. Attorney General of Fla., 377 F.3d 1258, 1262-63 (11th
Cir. 2004) (footnote omitted), cert. denied, 125 S.Ct. 881 (2005).

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

7

"In <u>Younger</u>, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Id</u>. at 1263 n.6 (citing <u>Younger</u>, 401 U.S. at 45). Here, Plaintiff has not shown that any of these three exceptions to the abstention doctrine apply in his case.

Accordingly, for all of the above-stated reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

ps 1/4
c:
Derrick L. Williams

8